ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
Receiver for Prospero Ventures, L.P.
409 Third Street, S.W., 7th Floor
Washington, DC 20416
Telephone: (202) 205-6857
Facsimile: (202) 481-0325

DARRYL J. HOROWITT #100898
CHRISTINE J. LEVIN #192181
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiff,
U.S. SMALL BUSINESS ADMINISTRATION,
as Receiver for PROSPERO VENTURES, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P.,

Plaintiff,

v.

JANE C. SLOANE,

Defendant.

NO. C 07-03732 VRW

**Related Cases:**
C 07-03733, C 07-03735,C 07-03736, C 07-03737,C 07-03738, C 07-03739, C 07-03740, C 07-03741

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (FRCP 12(f)); ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS (FRCP 12(c))**

Date: June 5, 2008
Time: 2:30 p.m.
Ctrm: 6, 17th Floor

Date Complaint Filed: July 19, 2007
Trial Date: Not yet set

Plaintiff submits the following Memorandum of Points and Authorities in support of its Reply to Defendant's Opposition to Plaintiff's Motion to Strike Affirmative Defenses or in the Alternative, Judgment on the Pleadings, as to the sole cause of action alleged herein:

**INTRODUCTION**

JANE SLOANE ("JANE") raises several affirmative defenses[1] dealing with actions of the Small Business Administration ("SBA") in capacities other than RECEIVER which took place prior to the Receivership Order. Plaintiff's position here is clear: each affirmative defenses is barred. JANE raises three affirmative defenses based on the legality of the Small Business Investment Act of 1958 (the "ACT"). Each should be stricken as the SBA ACT, enacted by Congress, is valid as written. Moreover, JANE fails to realize that the SBA is not a party to this action but acts solely in the capacity as the RECEIVER appointed by the United States District Court standing in the shoes of PROSPERO.

JANE does not dispute the defenses arise from activities that occurred prior to the Receivership Order, but contends that the SBA's multiple roles have created a conflict of interest therefore giving her access to affirmative defenses that would otherwise be barred. To reach the conclusion urged by JANE, one must ignore that Congress has specifically authorized the SBA to act as receiver to Small Business Investment Companies ("SBIC"s). (15 U.S.C. § 687c(c).)

Generally, JANE contends that the SBA acted improperly by (1) failing to give PROSPERO an opportunity to cure its impairment, (2) breaching its obligations to its fellow limited partners, and (3) putting itself in the position of RECEIVER out of self- interest which JANE contends is a conflict of interest. JANE contends it is too early for this Court to decide these claims (Opp., p. 3), but the truth is, ***it is too late to raise them.***

No amount of discovery can change the fact that JANE cannot, as a matter of law, raise the affirmative defenses outlined in the parties' moving papers. Thus, it is certain that any facts JANE discovers and presents at a considerable expense to all the parties are irrelevant to this lawsuit. Simply stated, JANE is dissatisfied with the decisions that the SBA made in its discretionary capacity.

Finally, Plaintiff set forth reasons outlining why each of the affirmative defenses should be

---

[1] The issues raised in the original motion to strike and this opposition are all identical to those in the related cases bearing case numbers: C 07-03741, C 07-03733, C 07-03735, C 07-03736, C 07-03737, C 07-03738, C 07-03739, C 07-03740.

stricken in its motion. In its opposition, no individual responses were presented.

## DISCUSSION

### 1. THERE ARE NO *MATERIAL* DISPUTED FACTS

Defendant argues that the motion should be denied because there is a material fact in dispute. The appropriate standard is not, however, whether there are any facts in dispute, but whether there are any ***material facts*** that are in dispute. (See *Nevada Power Co. v. Monsanto Co.,* 955 F.2d 1304, 1306 (9th Cir.1992).)

JANE contends that the motion to strike is improper because she denied committing to contribute the sum of $137,227.72. (See Opp., p. 4.) This contention is without merit as JANE states (Answer ¶¶ 8 and 9) that the document speaks for itself. The document speaks loud and clear when it states JANE's capital commitment is $137,227.72; the Agreement[2] states this; thus, it must be true. (See Answer ¶¶ 8 and 9.) JANE also denies breaching the Agreement by refusing to pay when a demand was made. (See Opp., p. 4.) JANE acknowledges that a call for capital contribution was made on or about May 9, 2005. (See Answer ¶ 13.) At that time, she did not contend that the capital that had been committed was not owed; rather, JANE contends she is otherwise excused from performing due to the SBA's wrongful conduct. That JANE disputes the legal conclusion is not enough. Given that JANE has admitted entering into the Agreement, the Agreement sets forth the capital contributed, and JANE has admitted failing to make the payment for capital despite demand, there is no ***material issue of fact***.

### 2. A MOTION TO STRIKE MAY BE BROUGHT AT ANY TIME TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AS THEY ARE LEGALLY INSUFFICIENT; IT IS NOT PREMATURE

JANE contends that the motion should be denied as it is premature. There is no dispute that a plaintiff may properly challenge the ***legal sufficiency*** of the defenses pleaded in the answer ***at any time***. (See *Oregon Laborers-Employers Trust Funds v. Pacific Fence & Wire Co.* 726 F.Supp. 786, 788 (D OR 1989).) JANE's contention that the motion to strike is premature and ***thus*** without merit (Opp., p. 5) should be summarily rejected.

---

[2]The "Agreement" is the Limited Partnership Agreement and was attached to the Complaint as Exhibit "B."

JANE asserts that she cannot state the factual basis for her defenses because she has not yet been afforded sufficient time to discover the same. (Opp., p. 2-7.) JANE asserts that if she is given the opportunity to conduct discovery, she will discover evidence that the SBA committed wrongful acts in failing to provide ***PROSPERO*** an opportunity to cure.

More of a defendant is required. (FRCP, Rule 11.) Defendant and counsel must investigate all defenses ***before they are alleged*** confirming a good faith basis for the same. As JANE cannot now state facts to support the defense, she should not have alleged the defense; thus, the affirmative defenses should be stricken. If facts are later developed during discovery that could prove the defense, she can seek leave to amend the answer. The defenses are insufficient as a matter of law and are therefore properly stricken at this time.

JANE cites *Limone v. United States*, 271 F.Supp.2d 345, 356 (D. Mass. 2003), for the proposition that the motion to strike is premature in a case where the defendant sought the discretionary function of his job as a defense. (Opp. p., 12.) In *Limone*, the plaintiffs set forth ***specific facts*** accusing the defendants (state and federal officials) of framing him for murder. (*Id.* at p. 12.) The officials were alleged to have suborned perjury, fabricated evidence, and violated their constitutional duty to disclose exculpatory evidence. (*Ibid.*) Thus, the *Limone* court "rejected the discretionary function defenses. . ." (*Ibid.* citing *Tri-State Hosp. Supply Corp. v. United States*, 142 F.Supp.2d 93, 100-101 (D.D.C.2001) [customs officials did not have discretion to lie under oath); *Merritt v. Shuttle, Inc.*, 13 F.Supp.2d 371, 380 (E.D.N.Y.1998) (conspiracy of FAA inspectors to blame pilot for near-crash was not covered by discretionary function); see also *Chandler v. United States*, 875 F.Supp. 1250, 1266 (N.D.Tex.1994).) JANE's reliance on *Limone* is misplaced because the plaintiff there "***alleged facts of a serious and malevolent nature*** as to be beyond any reasonable discretion on the part of a Government agency. . . " and ***alleged facts*** "not involv[ing] normal regulatory activities or the weighing of policy factors within the scope of proper governmental power, but rather something which goes beyond the constitutional powers of the Government, and seriously violates the constitutional rights of a citizen." *Ibid.* JANE has not alleged ***specific facts***. Rather, JANE wants to conduct discovery so that she might find some wrongful act.

Simply stated, the SBA, acting in its discretionary capacity, made decisions with which

JANE disagrees. JANE has not set forth ***specific facts*** sufficient to avoid the discretionary bar discussed in greater detail in Plaintiff's motion to strike.

**3. THE STATUTES AND REGULATIONS THAT JANE AGREED TO BE BOUND BY DEFEAT Her CLAIMS**

**A. The SBA ACT Sets Forth The Requirements of Private Financing.**

Under the ACT, the SBA is authorized to license privately owned investment companies with sufficient private capital to SBICs. (See 15 U.S.C. §§ 661-687.) The purpose of an SBIC is to provide equity capital, long-term loans and management assistance to small business concerns. (See 15 U.S.C. § 661.) The congressional declaration of policy states that the SBA conducts its business "in such a manner as to insure ***the maximum*** participation of ***private financing sources***." (See 15 U.S.C. § 661, emphasis added.)

Private capital, pursuant to the Act, consists of the sum of (i) paid in capital contributed by the partners and (ii) ***unfunded binding commitments from investors*** that meet the criteria established by the SBA. (See 15 U.S.C. § 662 (9)(A) (i) and (ii).) Exhibit "A" to the Agreement herein reflects that the sum of JANE's commitment, i.e., the sum of her paid in capital and her unfunded binding commitment, was $1,871,287.13. (See Agreement.) JANE does not dispute that pursuant to statute, an SBIC must maintain a balance between private capital and governmental funding. (See 13 C.F.R. 107.1830.)

**B. By Investing in an SBIC and by Entering the Agreement with PROSPERO, JANE Consented to the Terms and Conditions Contained Therein and Cannot Now Complain About Them.**

JANE, a wealthy and sophisticated investor, knew in advance of entering the Agreement agreed that if there was a conflict between the Agreement and the ACT, the provisions of the ACT would control. (See ¶¶ 8 and 9; see also ¶ 2.2 of the Agreement as Exh. "B" to the Complaint.) The ACT provides that the SBA may be appointed as the receiver. (See 15 U.S.C. § 687c(c).)

JANE agreed in advance when she executed the Agreement that the SBA would be a ***third party beneficiary*** thereto. "[T]he SBA shall be deemed an express third party beneficiary of the provisions of the Agreement to the extent of the rights of the Preferred Limited Partners and the SBA hereunder and under the Act, and the SBA ***shall be entitled to enforce such provisions*** (including

without limitation, the ***obligations of each Partner to make capital contributions to the Partnership*** for the ***benefit of the Preferred Limited Partners and for its benefit. . .”*** ¶ 2.3, emphasis added.

The Agreement expressly stated that 13 C.F.R. § 107.1140 was incorporated by reference as if fully incorporated. ¶ 2.4 (a). Section 107.1140 states:

> “If you issue Leverage after April 25, 1994, you automatically agree to the terms and conditions in §§ 107.1800 through 107.1820 as they exist at the time of issuance. The effect of these terms and conditions is the same as if they were fully incorporated in the terms of your Leverage.”

Section 107.1800 provides:

> “***Any Licensee that violates the terms and conditions of its Leverage is subject to SBA remedies***. . . .The terms, conditions and remedies in § 107.1820 apply to outstanding Preferred Securities and Participating Securities issued after April 25, 1994, or if you have Earmarked Assets in your portfolio.” (emphasis added.)

Section 107.1820 provides that the SBA may place a licensee under restricted operations conditions upon the occurrence of any one of eleven conditions as determined by SBA. Subdivision (e). JANE expressly recognized and agreed in advance not to limit the SBA’s role as a regulator. The Agreement stated that “nothing in this paragraph 2.4 shall be construed to limit the ability or authority of the SBA to exercise its ***regulatory authority*** over the Partnership as a licensed small business investment company under the SBIC Act.” (See Exh. “B” to Exh. “A” to Complaint, ¶ 2.4 (d).) Having agreed in advance to accept the various roles of the SBA, JANE cannot now complain that the various roles constituted a conflict of interest. Thus, even if JANE could, for a moment, walk in the shoes of PROSPERO, PROSPERO (which consented to the receivership) did not believe that the SBA in its various roles had a conflict of interest.

**C. The Appointment of the SBA as Receiver Was Proper.**

JANE does not dispute that PROSPERO was capitally impaired and thus defaulted. (Opp., p. 3; 13 C.F.R. 107.1830.)

> “The Administration ***shall have authority*** to act as trustee or receiver of the licensee. Upon request by the Administration, the court may appoint the Administration to act in such capacity ***unless the court deems such appointment inequitable or otherwise inappropriate by reason of special circumstances involved***.” (15 U.S.C. § 687c (a)), emphasis added.)

Congress considered that there might be times (special circumstances) when it would not be appropriate to appoint the SBA as Receiver and discussed potential conflicts of interest in drafting the ACT. The mere fact that the SBA might act in of various roles was considered by Congress and was not determined to be, in and of itself, a conflict of interest. (15 U.S.C. § 687d.)

JANE does not dispute that ***PROSPERO*** consented to the voluntary assignment of PROSPERO to Receivership. (See 13 C.F.R. §§ 107.1830.) JANE admits on November 10, 2004, she was noticed that PROSPERO had been ordered into RECEIVERSHIP and that the SBA had been appointed as RECEIVER. (See Answer ¶ 12.) Prior to raising the affirmative defenses, no objection was made to the appointment of the SBA as Receiver nor has JANE or any other party sought to change the receiver to another party. Instead, JANE wishes to complaint about the actions of the SBA in a capacity other than receiver which, as discussed herein, is not permitted.

The rejection of JANE's assertion of a conflict of interest should also foreclose her contention that the mere appointment of the SBA allows JANE to assert defenses that would otherwise only be available to PROSPERO and would only be available prior to the Receivership. (See Opp., 7:17-28.) JANE provides no legal authority or analysis as to why she should avoid the bar to Pre-Receivership Orders. JANE argues that ***wrongful unspecified actions*** that will not be discussed until discovery is conducted by Defendant, caused PROSPERO to fail. Even if this were true (which is denied by Plaintiff), because the various roles of the SBA were proper and permissible, because the various roles were acknowledged and approved by Congress, ***because the various roles were acknowledged and consented to by PROSPERO and JANE***, because PROSPERO consented to the Receivership, JANE's contentions should be rejected.

**D. The Receiver is Authorized to Make a Capital Call.**

In this case, by order of the United States District Court pursuant to 15 U.S.C. §687c, PROSPERO was placed into Receivership. ("Order" attached to RJN as Exhibit "4.") In so doing, the United States District Court, Northern District took exclusive jurisdiction of PROSPERO. (Order, 1: 18.) The SBA was appointed Receiver by order of this Court based on PROSPERO's consent. (Order, 1: 21-22, 6:10.) "The Receiver is appointed for the purpose of marshaling and liquidating in an orderly manner all of Prospero's assets and satisfying the claims of creditors

therefrom in the order of priority as determined by this Court." (Order, 1:21-23.) The capital call was specifically authorized by the court. "All persons and entities owing any obligation or debt to PROSPERO, until further ordered by this Court, shall pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Prospero had received such payments." (Order, 2: 27- 3:3.)

**4. NONE OF THE AFFIRMATIVE DEFENSES MAY BE RAISED BECAUSE THEY ASSERT CLAIMS THAT THE SBA, IN A CAPACITY OTHER THAN RECEIVER, IS RESPONSIBLE, IN WHOLE OR IN PART, FOR PLAINTIFF'S DAMAGES**

JANE contends that the distinction drawn between regulator and Receiver is artificial. (See Opp., 7.) JANE is, however, wrong.

JANE does not deny that her affirmative defenses focuses on a ***pre-Order contention*** that the SBA, as regulator, should have taken various actions that would have allowed ***PROSPERO*** to avoid the Order. Thus, JANE's pre-Order defenses should be stricken as JANE cannot stand in PROSPERO's shoes. (See *Luckenback v. Laer,* 190 Cal. 395, 212 P. 918, 920 (1923).[3])

The roles of the SBA as regulator and Receiver are not artificial, nor are they difficult to understand. (See *U.S. v. Acorn Technology Fund, L.P.*, 429 F.3d 438, 446 (3rd. Cir. 2005).) There the court explained that the SBA provides leverage to a limited partnership SBIC "in part buying participating securities and becoming a preferred limited partner." (*Ibid.* citing 15 U.S.C. § 683.) The *Acorn* court acknowledged that the SBA had priority payment over the limited partners. (*Ibid*., citing 15 U.S.C. § 683(g)(2).) It is also given that in light of the SBA's position in the collection of information, the SBA has superior information to the limited partners. (*Ibid*.) The ***informational*** advantage is the result of the SBA's position as ***regulator*** and not the SBA's position as an ***investor***. (*Ibid*.) Any informational advantage that the SBA had was the result of its position as a regulator and thus could not support a lawsuit. (*Ibid*.)

JANE cites no case law disputing the fact that JANE is not permitted to raise defenses based

---

[3] That the authority is from 1923 and has never been overruled demonstrates the basic nature of this bar. Simply stated, a defendant in an action brought by a receiver, may not maintain and action or defense relating to the actions of parties other than the receiver that arose before the appointment of the receiver. (*Ibid*.)

on conduct that occurred prior to the Order appointing the SBA as Receiver. It is well settled that defenses in receivership actions are limited. (See *Eddy v. Lafayette*, 163 U.S. 456, 464 (1986); *Acorn*, *supra*.)

A receiver cannot be sued for in respect of acts occurring prior to the receivership. (See *State of Oklahoma v. State of Texas*, 265 U.S. 490, 492-493 (1924).) Not only is the appointment of the SBA proper, both PROSPERO and JANE agreed to the appointment of the SBA as RECEIVER in advance.

JANE finds no support in case law where the SBA is the receiver for her position. To the contrary, JANE cites cases dealing with private receiverships which operate under a different set of rules. JANE contends the SBA is unlike a typical receiver in that the SBA "caused the company to go into receivership and caused the debt for which the receiver now asserts a claim." (Opp., p. 8.) JANE then contradicts this contention when she admits that the SBA did not cause the impairment and that PROSPERO's failures was the result of the burst of the high technology bubble. (See Opp., p. 2.)

JANE cites case law for receivers outside of the context of the SBA ACT. Such an argument might apply if PROSPERO did obtain an SBIC license from the SBA, but, having decided to do so, PROSPERO is obligated to follow the rules set forth by the ACT and the regulations set forth by the statutes including the rule which puts the SBA as creditor in a primary position. JANE is bound by her Agreement to do the same. JANE, after committing her capital contribution cannot now cry foul because the business failed.

JANE cites several non-SBIC cases for support of her position that a receiver may not serve dual roles, but this ignores the statutory and contractual provisions (See Agreement) that permit such where a SBIC is involved. In a private company, i.e., not an SBIC, it is true that the court stated:

> "It is a rule of general application that a receiver should be a person wholly impartial and indifferent toward all parties interested in the fund or property to be administered and generally speaking, officers and directors of a corporation involved in insolvency should not be appointed to the position. Although this rule is not inflexible, it should be observed where such officers or directors have by their ***bad management contributed to the insolvency.***" (*Coy v. Title Guarantee & Trust Co,* 157 F. 794, 796-797 (D. Ore. 1907).)

Here, neither the rule nor the logic of *Coy* applies. First, as noted above, PROSPERO and JANE agreed to allow the SBA to serve as regulator, special limited partner and receiver if PROSPERO failed. Second, and more importantly, SBA never managed the business and thus could not have caused the business to fail.

JANE also cites *Laube v. Seattle Taxicab Co.,* 132 Wash. 32 (1924), another private company which was not an SBIC which stated as follows: "no party or attorney or other person interested in an action shall be appointed receiver therein,' the wisdom of which is manifest in this case where the trustee is seeking to recover judgment against one who denies the alleged indebtedness." It is, however, inapplicable here. Moreover, the general policy of resolving issues on the merits is not implicated. Here, the affirmative defenses are insufficient ***as a matter of law***. (See *Kaiser & Chemical Sales, Inc. v. Avondale Shipyards, Inc.* 677 F.2d 1045, 1057 (5th Cir. 1982).)

JANE provides no legal authority for the proposition that the SBA's mere appointment ***as Receiver*** constitutes a conflict of interest because there is no such authority on that point. To the contrary, JANE consented to the appointment of the SBA pursuant to 13 C.F.R. § 107.1830 (g)(c)(2), and PROSPERO, the real party in interest if it contended the SBA acted improperly when it placed PROSPERO into receivership, stipulated to the appointment of the SBA as receiver.

**5. THE DISCRETIONARY FUNCTION OF THE SBA BARS EACH OF THE AFFIRMATIVE DEFENSES**

The SBA is not a party to this action; rather, the SBA acts solely as the Receiver standing in the shoes of PROSPERO. Assuming for the sake of argument that there is any defense available to JANE here based on the pre-receivership conduct of the SBA, JANE was obligated to assert any claims by the Claims Bar Date in a manner similar to preserving an FDIC offset.

JANE contends that the Federal Torts Claims Act (FTCA) prevents only the bringing of claims against the government based on discretionary conduct, but does not bar the affirmative defenses raised because they are not claims against the SBA. (See Opp., p. 11.) JANE could have, but did not, preserve these issues by the Claims Bar Date. On November 10, 2004, JANE was notified that the Receivership Court will enter its Order thereby establishing a Claims Bar Date. The purpose of the Claims Bar Date is to give notice to all potential litigants that they must assert any

potential claims by a certain date.

JANE contends that even if it is equitable to deny a right or defense to someone who has committed a misdeed, "there is little reason to impose the same punishment on a trustee, receiver or similar **innocent party** that steps into the party's shoes pursuant to a court order or operation of law." (Opp., p. 10, lines 6-7, emphasis in original.) JANE contends that in *FDIC v. Gladstone*, 44 F.Supp.2d 81, 88 (D. Mass. 1999), the discretionary function of the FTCA does not bar affirmative defenses. The case cited actually discussed whether, after the case of *O'Melveny & Myers v. FDIC,* 512 U.S. 79 (1994), ***common law federal affirmative defenses are available***, not whether claims could be brought against the receiver for pre-receivership actions of another party (e.g., the FDIC as regulator and receiver). (*Id*. at p. 86.)

Prior to *O'Melveny & Myers v. FDIC*, the FDIC, in acting as receiver for a failed bank, sued the law firm of O'Melveny & Myers, alleging professional negligence and breach of fiduciary duty in its representation of the bank. (*Ibid*.) The Ninth Circuit held that federal common law governed questions such as whether knowledge can be used as the basis of an estoppel defense against the FDIC as receiver. (*Ibid*.) The Supreme Court reversed holding that with rare exceptions, "there is no federal general common law." (*Ibid*.)

Here, JANE incorrectly assumes that she has the ability to **step into the shoes of PROSPERO**. The reverse is true! The RECEIVER stands in the shoes of PROSPERO. The SBA is not a party to the action. Further, unlike the litigants in the above cited case, JANE is not an innocent party; rather, she is a sophisticated and wealthy investor who personally entered into a contractual relationship by entering the Agreement expressly consented to the fact that the SBA was the third party beneficiary and agreeing to make the capital contribution if the call was made. The above holding, therefore, does not apply to these facts. Given that JANE's argument relies upon this false premise, the entire argument falls.

In another FDIC case, *RTC,* the appellants, attempted to raise counterclaims (past the Claims Bar Date) asserting several grounds including lack of actual notice of the claims bar date. (See *RTC Mortg. Trust 1994-N2 v. Haith,* 133 F.3d 574 (8th Cir. 1998.) The lower court found inquiry notice existed and barred such claims. (*Ibid*.)

The distinctions raised by plaintiff between a receiver's management role and pre-receivership claims are not "contortions" of facts, but are well established means of analyzing whether a claim is barred or not under the FDIC as cited by JANE. The Tenth Circuit held that the limitation on judicial review set forth in § 1821(d)(13)(D) does not apply to claims arising from ***management actions***. (See *Homeland Stores, Inc. v. RTC*, 17 F.3d 1269 (10th Cir. 1994), cert. denied, 513 U.S. 928 (1994).) The First Circuit has stated that the FDIC has implicitly interpreted § 1821(d)(5)(C)(ii), to permit ***claimants who did not receive notice of the receiver's appointment*** to file after the deadline to file claims that not arise until after the deadline. (See *Heno v. FDIC*, 20 F.3d 1204, 1208-10 (1st Cir.1994).) The FDIC has interpreted § 1821(d)(13)(D) to require exhaustion of administrative remedies for both pre-receivership and post-bar date claims. (See *RTC Mortg. Trust 1994-N2 v. Haith, supra,* at 579.)

In RTC, the case was remanded

> "for a determination of whether the counterclaims are based on ***pre-receivership conduct*** of the failed financial institution or whether they are based at least in part on ***post-receivership conduct of the RTC in the management of the financial institution's assets.*** If the court concludes that the claims arise under the second category, the district court must determine whether FIRREA, as interpreted by the RTC in its own internal manual procedures, requires or permits those claims to be first examined under the administrative review process. If the claims are pre-receivership claims or had their genesis in pre-receivership conduct, then the claims must be denied." (133 F.3d 574, 579, emphasis added.)

An analysis of bankruptcy claims is also instructive as the procedures employed in bankruptcy matters is similar to the claims procedure in this receivership. In a bankruptcy action, a creditor must submit proof of a claim of debt when a bankruptcy has been filed by the Claims Bar Date. (See 11 U.S.C. § 533 (a).) Failure to do so bars their claims. (*Ibid.*)

Many circuits permit an ***offset*** of claims but only if a claim is timely submitted. (See *In re De Laurentis Entertainment Group, Inc. v. National Broadcasting Co.,* 963 F.2d 1269 (9th Cir. 1992). Here, the same cannot be said. ***JANE did not take any steps to preserve her rights***. She had actual notice of the receivership; she had actual notice that the SBA was appointed as the receiver; and she had actual notice of the Claims Bar Date; yet, she did nothing to preserve her claims regarding conduct that is otherwise barred.

**6. DESPITE PLAINTIFF'S SPECIFIC CHALLENGES TO EACH OF JANE's AFFIRMATIVE DEFENSES, JANE RESPONDS ONLY IN THE MOST GENERAL TERMS**

JANE provides no individual response to any of Plaintiff's arguments as to the sufficiency of each of the affirmative defenses. Instead, she makes the bald assertion that the affirmative defenses, as plead, are sufficient to give notice without answering any specific challenges. (See Opp., pp. 13-15. ) Plaintiff previously stated that the only fact alleged here is that the SBA "fail[ed] to provide ***PROSPERO*** an opportunity to cure" and that the only time frame during which an opportunity to cure could have been granted or not provided was ***prior*** to the Order for Receivership.

**A. Covenant of Good Faith and Fair Dealing.**

***PROSPERO*** could not have been denied an opportunity to cure its capital impairment ***prior to the Order for Receivership***. The Receiver has no liability for any actions prior to the Receivership Order. (See *Eddy v. Lafayette,* supra, U.S. at p. 464; *Ledbetter v. Farmers Bank & Trust Co.,* 142 F.2d 147, 149 (1944).) Even assuming that the SBA's actions could be examined, it has long been the law that a Receiver is ***merely the minister*** of a corporation acting at the direction of the court to enforce liabilities. (See *Luckenback v. Laer*, *supra*, 212 P. at 920.)

JANE did not respond to the argument that JANE, by making a ***post-order claim*** against the Receiver, must provide some ***facts*** that the Receiver committed some action that deprived her of the benefit of the Agreement. (See *Seaman's Direct Buying Service, Inc. v. Standard Oil Co.*, 36 Cal.3d 752, 768 (1984).) JANE failed to allege a fact explaining how she has been deprived the benefit of her bargain. (See Opp., pp. 1-15.) This affirmative defenses should be stricken (FRCP 12(f)) or judgment in favor of the Plaintiff entered. (FRCP 12(c).)

**B. Equitable Defenses.**

JANE raises three equitable defenses: (1) bad faith and with unclean hands; (2) detrimental reliance; and (3) estoppel. JANE provides no legal authority to support the notion that this Court should depart from the well-settled rule barring equitable defenses from a breach of Agreement. (See *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group,* 143 Cal.App.4th 1036, 1044 (2006).)

///

As to each individual defense, ***no fact*s** were provided as to what information was relied on by JANE to her detriment; ***no fact*s** demonstrated how Plaintiff acted in bad faith; and ***no fact*s** supporting a defense of estoppel. Each of these affirmative defenses should thus be stricken (FRCP 12(f)) or judgment in favor of the Plaintiff entered. (FRCP 12(c).)

**C. Fiduciary Duty.**

JANE concedes that the heart of her claim is that the SBA, ***in its capacity as a regulator***, did not allow ***PROSPERO*** an opportunity to cure. The law is clear that these facts are insufficient to constitute a breach of fiduciary duty. For these reasons and for the reasons set forth in Plaintiff's motion to strike, this affirmative defense should be stricken (FRCP 12(f)), or judgment in favor of the Plaintiff entered. (FRCP 12(c).)

**D. SBA Regulations.**

JANE contends that the validity of the regulations themselves are applicable to the fifth, sixth, and eighth affirmative defenses. (See Opp., 14.) JANE contends that the SBA has no right to enforce its contractual rights against her because the SBA regulations which underpin this regulatory scheme are invalid as an unreasonable exercise of power under the Small Business Equity Enhancement Act of 1992, 15 U.S.C. § 661 et. seq. (See Opp., p. 14.) In support, JANE cited *Manhattan Gen. Equip Co. v. Comm'n*, 297 U.S. 129, 134 and *Guardians Ass'n v. Civil Service Com'n of City of New York,* 463 U.S. 582, 614, n.2 (1983). Neither case is applicable to this action.

Both *Manhattan* and *Guardians* stand for the proposition that: "The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law, for no such power can be delegated by Congress, but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute." (*Manhattan Gen. Equip. Co. v. Comm'n*, 297 U.S. 129, 134 (1935); see also *Guardians Ass'n v. Civil Service Com'n of City of New York,* 463 U.S. 582, 614, n.2 (1983).) Here, the United States District Court, with the consent of PROSPERO, following the SBA ACT which was properly promulgated by Congress appointed the SBA as a Receiver. JANE, voluntarily entering into the Agreement, expressly agreed to be bound by SBA ACT and the aforementioned regulations.

For the above reasons and as set forth in Plaintiff's motion to strike, the fifth, sixth, and

eighth affirmative defenses should be stricken (FRCP 12(f)), or, alternatively, judgment in favor of the Plaintiff entered. (FRCP 12(c).)

**E. Mitigation of Damages.**

JANE alleges no facts setting forth what actions the Plaintiff could have taken to mitigate their damages nor does she raise the prospect of being able to allege or prove such facts in the future. This affirmative defense should be stricken (FRCP 12(f)), or, in the alternative, judgment in favor of the Plaintiff entered. (FRCP 12 (c).)

**F. Ultra Vires.**

Ultra vires refers to the fact that a governmental agency has acted beyond its authority. (See 2 Witkin, Cal. Proc. 4th (1997) Jurisd, § 290, p. 861.) As has been discussed, the only allegations here refer to the actions taken been SBA in its discretionary capacity. No facts support an ultra vires action. JANE alleges no facts setting forth what actions on the part of Plaintiff could conceivably fall under this category. This affirmative defense should be stricken (FRCP 12(f)), or, in the alternative, judgment in favor of the Plaintiff entered. (FRCP 12(c).)

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the motion to strike be granted, or alternatively, judgment on the pleadings be entered.

Respectfully submitted,

Dated: May 2, 2008

COLEMAN & HOROWITT, LLP

By: /S/
CHRISTINE J. LEVIN
Attorneys for Plaintiff,
U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P.

# TABLE OF CONTENTS

**Page No.**


**Introduction** . . . . . . . . . . 2

**Discussion** . . . . . . . . . . 3

1. **There are no Material Disputed Facts** . . . . . . . . . . 3

2. **A Motion to Strike May be Brought at any Time to Strike Defendant's Affirmative Defenses as They are Legally Insufficient; It is Not Premature** . . . . 3

3. **The Statutes and Regulations That JANE Agreed to be Bound by Defeat Her Claims** . . . . . . . . . . 5

   A. **The SBA ACT Mandates Maximum Private Financing** . . . . . . . . . . 5

   B. **By Investing in an SBIC and by Entering the Agreement with PROSPERO, JANE Consented to the SBA's Various Roles and Cannot Now Complain About Them** . . . . . . . . . . 5

   C. **The Appointment of the SBA as Receiver Was Proper** . . . . . . . . . . 6

   D. **The SBA is Authorized to Make a Capital Call** . . . . . . . . . . 7

4. **None of the Affirmative Defenses May be Raised Because They Assert Claims That the SBA, in a Capacity Other Than Receiver, is Responsible, in Whole or in Part, for Plaintiff's Damages** . . . . . . . . . . 8

5. **The Discretionary Function of the SBA Bars Each of the Affirmative Defenses** . . . . . . . . . . 10

6. **Despite Plaintiff's Specific Challenge to Each of JANE's Affirmative Defenses, JANE Responds Only in the Most General Terms** . . . . . . . . . . 13

   A. **Covenant of Good Faith and Fair Dealing** . . . . . . . . . . 13

   B. **Equitable Defense** . . . . . . . . . . 13

   C. **Fiduciary Duty** . . . . . . . . . . 14

   D. **SBA Regulations** . . . . . . . . . . 14

   E. **Mitigation Damages** . . . . . . . . . . 15

   F. **Ultra Vires** . . . . . . . . . . 15

**Conclusion** . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Chandler v. United States*, 875 F.Supp. 1250 (N.D.Tex.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Coy v. Title Guarantee & Trust Co,* 157 F. 794 (D. Ore. 1907) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*De Laurentis Entertainment Group, Inc. v. National Broadcasting Co.,* 963 F.2d 1269 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Eddy v. Lafayette* 163 U.S. 456 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*FDIC v. Gladstone*, 44 F.Supp.2d 81 (D. Mass. 199) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Guardians Ass'n v. Civil Service Com'n of City of New York,* 463 U.S. 582 (1983) . . . . . . . . . 14

*Heno v. FDIC*, 20 F.3d 1204 (1st Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Homeland Stores, Inc. v. RTC*, 17 F.3d 1269 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kaiser & Chemical Sales, Inc. v. Avondale Shipyards, Inc.* 677 F.2d 1045 (5th Cir. 1982) . . . . 10

*Laube v. Seattle Taxicab Co.,* 132 Wash. 32 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ledbetter v. Farmers Bank & Trust Co.* 142 F.2d 147 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Limone v. United States*, 271 F.Supp.2d 345 (D. Mass. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Luckenback v. Laer* 212 P. 918 (1923). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

*Manhattan Gen. Equip Co. v. Comm'n*, 297 U.S. 129 (1935) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Merritt v. Shuttle, Inc*., 13 F.Supp.2d 371 (E.D.N.Y.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nevada Power Co. v. Monsanto Co.,* 955 F.2d 1304 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . 3

*O'Melveny & Myers v. FDIC,* 512 U.S. 79 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Oregon Laborers-Employers Trust Funds v. Pacific Fence & Wire Co.* 726 F.Supp. 786 (D OR 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*RTC Mortg. Trust 1994-N2 v. Haith,*133 F.3d 574 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 12

*Seaman's Direct Buying Service, Inc. v. Standard Oil Co.*, 36 Cal.3d 752 (1984) . . . . . . . . . . . 13

*State of Oklahoma v. State of Texas* 265 U.S. 490 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group* 143 Cal.App.4th 1036 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Tri-State Hosp. Supply Corp. v. United States*, 142 F.Supp.2d 93, 100-101 (D.D.C.2001) . . . . . 4

*U.S. v. Acorn Technology Fund, L.P.* 429 F.3d 438 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes**

11 U.S.C. § 533 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13 C.F.R. 107.1830 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 10

13 C.F.R. § 107.1140 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

133 F.3d 574 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15 U.S.C. § 661, et. seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 7, 8, 14

FRCP, Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

FRCP, Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-15

**Other**

2 Witkin, Cal. Proc. 4th (1997) Jurisd, § 290, p. 861 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**PROOF OF SERVICE**

I declare that I am a citizen of the United States of America and a resident of the County of Fresno. I am over the age of eighteen (18) years and not a party to the within action. My business address is 499 West Shaw, Suite 116, Fresno, California 93704.

On May 2, 2008, I served the foregoing document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (FRCP 12(f)); ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS (FRCP 12(c)** on the interested parties, addressed as stated on the attached service list.

[x] BY MAIL - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firm's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with United States Postal Service on that same day in the ordinary course of business.

[x] BY CALIFORNIA OVERNIGHT - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope for delivery via California Overnight next day delivery to the addressee noted above.

[] BY HAND DELIVERY - by delivering by hand and leaving a true copy with the person and at the address shown above.

[] BY FACSIMILE TRANSMISSION - by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated on the attached service list.

[] STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x] FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on May 2, 2008, at Fresno, California.

/S/
Lisa R. Barr

**Service List**

**Via Mail and Electronic Mail:**

Bruce A. Singal, Esq.
Donoghue Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108-3113
E-Mail: bsingal@dbslawfirm.com

Attorneys for Defendants

**Via California Overnight:**

**Chambers Copies**

Hon. Vaughn R. Walker
U.S. District Court, Northern District
450 Golden Gate Avenue
17th Floor, Court Room 6
San Francisco, CA 94102